UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

APR 2 9 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-427-GWU

RUBY JEAN CALHOUN,                                        PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment; a portion of the plaintiff's brief can be construed as a motion to remand under sentence six of 42 U.S.C. Section 405(g).

## LAW APPLICABLE TO SUMMARY JUDGMENT MOTIONS

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

1

Calhoun

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404,1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.    See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

Calhoun

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Calhoun

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent

5

lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most

of the time with some pushing and pulling of arm or leg controls; by definition, a

person capable of this level of activity must have the ability to do substantially all

these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the

capacity to lift no more than ten pounds at a time and occasionally lift or carry small

articles and an occasional amount of walking and standing. 20 CFR 404.1567(a),

416.967(a).

However, when a claimant suffers from an impairment "that significantly

diminishes his capacity to work, but does not manifest itself as a limitation on

strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions . . . or heightened sensitivity to environmental contaminants

. . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan,

905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the

Commissioner may still use the rules as a framework for decision-making, 20 CFR

Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

"framework" in the text of the decision is insufficient, if a fair reading of the record

reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

6

Calhoun

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.   Varley v. Secretary of Health and Human

Services, 820 F.2d 777 (6th Cir. 1987).

### STANDARDS APPLICABLE TO MOTIONS TO REMAND

In assessing that portion of the plaintiff's brief which could be interpreted as

a separate motion to remand, it must be noted the pertinent federal statute provides

that:

> The Court may . . . at any time order additional evidence to be taken
> before the Secretary, but only upon a showing that there is new
> evidence which is material and that there is good cause for the failure
> to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. Section 405(g) (emphasis added).

While "good cause" for failure to incorporate such evidence might be

established when the additional records were not compiled until after the

administrative hearing, Oliver v. Secretary of Health and Human Services, 804 F.2d

964, 966 (6th Cir. 1986), the fact that the plaintiff did not seek to have the record

remain open to be able to submit evidence mitigates against such a finding, Willis v.

Secretary of Health and Human Services, 727 F.2d 551, 554 (6th Cir. 1984).

To be "material", the documents must be "both relevant and probative",

"bearing directly and substantially on the matter in dispute", or "likely to have

produced a different administrative result". Huffler v. Heckler, 59 F. Supp. 626, 627

7

(S.D. Ohio 1984). In order to satisfy this materiality criterion, the claimant must demonstrate that there is a reasonable probability that the Administrative Law Judge (ALJ) would have reached a different conclusion if presented with the new evidence. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988). In determining whether to remand a case, the Sixth Circuit Court of Appeals has distinguished between new evidence of the claimant's condition at the time of the administrative hearing and evidence of a subsequent deterioration or change in his condition. The former is deemed material; the later is not. See Sizemore, 865 F.2d at 712.

### DISCUSSION

The administrative law judge (ALJ) found that Calhoun suffered from obesity, a history of "asthma", chronic low back pain, a history of hypertension, a depressive disorder not otherwise specified, and elementary school level literacy. (Tr. 25). He found that the plaintiff, who had no past relevant work,was capable of performing a significant number of light level jobs, as identified by a vocational expert (VE). (Tr. 24-26). Thus, benefits were denied. (Tr. 26).

One of the primary disputes is whether the plaintiff established an entitlement to benefits under Listing of Impairment Section 12.05. The defendant apparently properly concedes that the plaintiff had accurate IQ scores in the 60s and a diagnosis of mental retardation (Tr. 132-133) and other "severe" impairments by his own

8

Calhoun

findings (Tr. 22).  However, in her brief, she emphasizes that the plaintiff had not established "significantly subaverage intellectual functioning with deficits in adaptive functioning  before age 22."  In drawing the last conclusion, the ALJ specifically pointed to the fact that school records "do not indicate that the claimant was in special classes, as reported by the claimant." (Tr. 22).

However, a close look at the *high school* records submitted into the administrative record reveals that Calhoun's courses included a "reading" course as well as several courses identified as "Basic English" and with unknown designations such as "Ref. Math I" and "ISCS." (Tr. 111).  This certainly suggests to the layman that some of the courses were remedial in nature, and more might be so found with appropriate investigation. The Court takes judicial notice that, Kentucky law does not require that the words "Special Education" be stamped on a child's grade records even if the child were enrolled in Special Education classes.

The case will be remanded for further consideration.

This the ___29___ day of April, 2005.


G. WIX UNTHANK
SENIOR JUDGE

9